## Van Valkenburgh vs. Evertson.

Where *sperm oil* is adulterated by an admixture of *whale oil*, and sold as pure oil, the *purchaser* may recover from the *vendor* the difference in the value; and if individuals, experienced in the *oil trade*, and in the use of the *oleometer*, after testing the oil by that instrument, declare it to be adulterated, a jury are bound to find a verdict for the plaintiff.

If a jury in a *justice's court* find a *verdict against evidence*, the justice has no power to set aside the verdict; but a *common pleas*, on *certiorari*, may set it aside on that ground, and it is their duty to do so.

If however the common pleas, instead of setting aside the verdict, *affirm* the judgment below, the party has no remedy by *writ of error*, as in such case this court have no authority to reverse the judgment of the common pleas.

Error from the Albany mayor's court. Van Valkenburgh sued Evertson in the justice's court of the city of Albany, and claimed to recover the difference in the value of a quantity of oil sold to him by the defendant as *sperm oil*. The plaintiff proved, by several witnessess experienced in the use of the *oleometer*, and who applied that instrument to the oil in question, that the oil sold to the plaintiff was adulterated, between *eleven* and *twelve* per cent., by *whale oil* being mixed with it. These witnesses testified that the *oleometer* furnished an undeviating test in ascertaining the quality of *sperm oil*, and in detecting the mixture of whale oil with sperm. Several witnesses were sworn on the part of the defendant, but the evidence as to the *adulteration* of the oil was uncontradicted. The jury, before whom the cause was tried, nevertheless found a verdict for the defendant, on which the justice's court

rendered judgment; which judgment, on *certiorari,* was *affirmed* by the mayor's court of albany. The plaintiff sued out a writ of error.

ALBANY,
Oct. 1834.

Van Valken-
burgh
v.
Evertson.

*S. Stevens & J. Edwards,* for plaintiff in error.

*C. Pepper & J. V. N. Yates,* for defendant in error.

*By the Court,* SAVAGE, Ch. J.   The judgment should be reversed, if it were in the power of this court to reverse it; but sitting as a court of common law, to review questions of law upon a writ of error, we have no more power to reverse *this judgment,* because the verdict is against evidence, than we have in any other case brought from a court of common pleas where the verdict is against evidence.   Where a verdict is against evidence in a court of record, the only remedy is by application to the same court to set aside the verdict on that ground.   If the court refuses, the party injured is remediless, unless such refusal were a flagrant abuse of all judicial discretion, this court would not interfere by mandamus ; and let the abuse be ever so great, we cannot interfere upon a writ of error.   Where a cause is tried by a jury in a justice's court, the justice has no power to set aside the verdict; that power exists only in the courts of common pleas, who are authorized to review the proceedings of justices' courts on *certiorari,* and they can and ought to reverse the judgments in justices' courts, as well for errors of the jury as for errors of the court. The common pleas is the only tribunal that can give relief where the jury have erred in a jutice's court.   In this case, the mayor's court had power to reverse the judgment in the justice's court, and in my opinion should have done so ; but that court thought otherwise, and if the court erred, that error cannot be corrected by writ of error.   There was no error in law ; if any, it was an error in the exercise of the discretion of the court in refusing to interfere on a question of fact. The judgment of the mayor's court must therefore be affirmed.

Judgment affirmed,